IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DYNAMIC DRYWALL, INC.,

        Plaintiff,

vs.

Case No. 06-1280-JTM

WALTON CONSTRUCTION COMPANY,
L.L.C., and UNITED STATES FIDELITY
& GUARANTY COMPANY,

        Defendants.

MEMORANDUM AND ORDER

      This action arises out of a dispute concerning a construction project at the University of Missouri in Columbia, Missouri. Defendant Walton Construction Company is a general contractor on the project; plaintiff Dynamic Drywall is a subcontractor. Dynamic contends that Walton failed to pay it as required by the subcontract agreement; Walton contends that Dynamic failed to perform as required by the agreement. The matter is before the court on Walton's motion to dismiss pursuant to Fed.R.Civ.Pr. 12(b), which stresses contract language which provides for dispute resolution in Missouri. Defendant United States Fidelity and Guaranty has joined in Walton's motion. (Dkt. No. 11).

      Section 1.1 of the Subcontract identifies as "Subcontract Documents" both the subcontract itself and "the Prime Contract, consisting of the Owner and Contractor and other Contract Documents enumerated therein;" and provides that those Subcontract Documents "are fully a part of the Subcontract." § 1.1. The Subcontract Documents

>are as fully a part of the Subcontract as if attached to this Agreement or repeated herein. The Subcontract represents the entire and integrated agreement between the parties hereto and supercedes prior negotiations, representations or agreements, either written or oral.

Article 2.1 of the subcontract provides:

>The Contractor shall have the benefit of all rights, remedies and redress against the Subcontractor, which the Owner, under such documents, has against the Contractor, and the Subcontractor shall have the benefit of all rights, remedies and redress against the Contractor which the Contactor, under such documents, has against the Owner, insofar as applicable to this Subcontract."

Finally, the subcontract also provides that "the Subcontractor shall assume toward the Contractor all obligations and responsibilities which the Contractor, under such documents, assumes toward the Owner and the Architect."

>The Prime Contract contains an exclusive venue provision:

>Contractor and Owner each agree that the State of Missouri Circuit Court for the County where the Project is located shall have exclusive jurisdiction to resolve all Claims and any issue and disputes between Contractor and Owner. Contractor agrees that it shall not file any petition, complaint, lawsuit or legal proceeding in any other court other than the State of Missouri Circuit Court for the County where the Project is located.

(Def. Exh. A, at § 13.9.3). The Prime Contract also provides that Missouri law would govern interpretation and the enforcement of the agreement.

Wall and USF&G seek dismissal on the basis of the forum selection clause. They also state that the case should be dismissed for a lack of mediation and arbitration as required by Section 6.1.1 and 6.2.1 of the Subcontract.

The court finds that a valid forum selection clause governs this dispute between the parties, and that the only appropriate venue for this action is in Missouri.

While Dynamic stresses the language in the subcontract which provides that the duties in the "flow down" portion of the agreement incorporate such duties only "insofar as applicable to this Subcontract," the court finds that this language fails to restrict the general language of the agreement which incorporates all of the documents together, provides that Wall should have the same rights against Dynamic as the Owner of the project should have against Wall, and provides that one of the rights the Owner has against Wall is to require any disputes be litigated in Missouri. Nothing about the "insofar as applicable" language in any way modifies very broad flow down provision and its complete incorporation and adoption by the subcontract of "all rights, remedies and redress" provided in the Prime Contract.

The court also finds unpersuasive the plaintiff's reliance on *Torpo Services v. McCarthy Western Constructors*, 827 F.Supp. 666 (D. Colo. 1993), since the flow down contract language there is materially different. In that case, the subcontract agreement merely provided that the parties agreed to bind themselves for the performance of the work specified in the Prime Contract.[1] There

---

[1]The agreement in *Torpo* provided:

Subcontractor [Topro] binds itself to McCarthy for the performance of Subcontractor's Work in the same manner as McCarthy is bound to the Owner for such performance under McCarthy's contract with the Owner. McCarthy's contract with the Owner, excluding financial data, and all other Contract Documents listed in Exhibit 2 will be made available to Subcontractor upon Subcontractor's written request. In the case of conflict between this Agreement and the other Contract Documents, Subcontractor shall be bound by the more stringent requirement as determined by McCarthy.

827 F.Supp. at 667. The court stressed the limited nature of this flow down provision: "The only provision that comes close [to incorporating the Prime Contract] is the language, quoted above, which binds Topro to the performance of "Subcontractor's Work," a defined term of the Subcontract, in the same manner as McCarthy is bound to the City to perform its 'Work,' a defined term of the Prime Contract. The plain meaning of this language is to require Topro to adhere to same performance requirements as McCarthy must in completing its 'Work.'" Id. at

was no general incorporation of "all rights" provided in the Prime Contract such as is present here. Similarly inapposite is *ADT Security Services v. Apex Alarm*, 2006 WL 65016 (D. Colo 2006) which refused to apply a forum selection clause (required litigation only in Colorado) in a Prime Contract based upon flow down language, where the subcontract also contained a diametrically-opposing exclusive forum selection clause, which provided for litigation only in Idaho.

In contrast to *Torpo* and *ADT Services*, the incorporating language here is both very broad and free from any contradictory language which renders the agreement ambiguous. Accordingly, the case is similar to *Scott Co. of California v. U.S. Engineering*, NO 94-1963-FMS, 1994 WL 519493 (N.D. Cal. Sept. 19, 1999), which held that a broad flow down provision included the incorporation of the prime contract's forum selection clause.

The court finds that pursuant to the agreement between the parties the District of Kansas is not an appropriate forum. As noted earlier, both defendants request an award of fees and expenses associated with filing their motions. However, neither defendant cites to any particular provision in the subcontract authorizing an award of fees, or otherwise citing the authority for such an award. *See Jayhawk Investments, v. Jet USA Airlines*, 1999 WL 588195 (D. Kan.1999) (granting fees as Rule 11 sanctions where plaintiff brought action in Kansas even though contract had "clearly stated" New York forum selection clause). Here, although the court finds that the forum selection clause is valid and enforceable against the plaintiff, the court also finds that plaintiff presented a colorable

---

667-668.

argument for presenting the case here, and that accordingly filing the action in Kansas was not unreasonable or vexatious.

IT IS ACCORDINGLY ORDERED this 18th day of January, 2007, that the defendants' motions to dismiss (Dkt. Nos. 7, 11) are hereby granted; defendants' requests for an award of attorney fees are denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
